**PETERS GRAZING ASSOCIATION, Appellant (Defendant below),**

v.

**Thomas LEGERSKI, Appellee (Plaintiff below).**

**No. 4497.**

Supreme Court of Wyoming.

Feb. 3, 1976.

## ORDER DENYING REHEARING

GUTHRIE, Chief Justice.

Appellant herein having filed a petition for rehearing and the court having examined the same and being advised in the premises, and it appearing to a majority of the court that said petition should be denied,

It is ordered that the petition for rehearing herein filed be and the same is hereby denied.

Justice McCLINTOCK, with whom Chief Justice GUTHRIE joins, would grant the petition for rehearing upon the following grounds:

A majority of the court have joined to deny the petition for rehearing. I presume that this is done on the basis of the rule which I recognize to be well established, that a petition for rehearing is not to be used to reargue matters which have been fully presented to the court upon the original presentation. I agree with that rule, and have followed it in the past even though I dissented from the original viewpoint of the court. However, I feel in this case that the majority opinion does dispose of the appeal on the basis of third-party beneficiary contracts, and I agree with the statement in Chief Justice Guthrie's dissenting opinion, 544 P.2d 449, 459, that this question was not raised by the pleadings or argued in the briefs. The most that I can find in the appellee's brief submitted to this court is a reference to the fact that consideration may move from a third party, but the disposition of the case in the trial court was definitely based upon a "contract" reciting services to the defendant by the plaintiff. The application for rehearing, then, is not an attempt to reiterate old and rejected arguments but a request to be heard on a point which the appellant never had an opportunity to argue.

Under these circumstances I feel that the petition for rehearing should have been allowed.